# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31064
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DARRIUS BROOKS, also known as White,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CR-234-3

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Darrius Brooks appeals the above-guidelines sentence imposed upon the revocation of his supervised release. Brooks contends that his 36-month sentence is substantively unreasonable because the district court failed to take into account his history of mental illness and its interplay with his drug addiction and instead punished him for prior adjudicated offenses that he committed as a teenager.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31064

Ordinarily, revocation sentences are reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). However, as Brooks concedes, he failed to preserve the issue in the district court, and thus our review is for plain error. Under plain-error review, Brooks "must show an error that is clear or obvious and affects his substantial rights." *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). If he makes the required showing, "this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

Although the district court did not expressly consider Brooks's history of mental illness in imposing his revocation sentence, Brooks did not raise any facts or arguments regarding this issue during his revocation proceedings. The district court stated that it considered the applicable 18 U.S.C. § 3553(a) factors, including the history and characteristics of the defendant. The district court also expressly considered the applicable guidelines range, Brooks's repeated drug offenses, and his blatant disregard for law enforcement. *See* § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(4)(B). In light of the foregoing, Brooks has not shown that the district court committed plain error in imposing his sentence. *See Whitelaw*, 580 F.3d at 260, 265. Accordingly, the district court's judgment is AFFIRMED.